IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

FELICIA ANN PHILLIPS     PLAINTIFF

vs.     Civil No. 6:18-cv-06110

COMMISSIONER, SOCIAL     DEFENDANT
SECURITY ADMINISTRATON

**MEMORANDUM OPINION**

Felicia Ann Phillips ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on April 8, 2016. (Tr. 19). In these applications, Plaintiff alleges being disabled due to high blood pressure, shoulder and stomach issues, GERD, and borderline diabetes. (Tr. 282). Plaintiff alleges an onset date of January 1,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10. These references are to the page number of the transcript itself not the ECF page number.

2010. (Tr. 19). These applications were denied initially and again upon reconsideration. (Tr. 97-100).

After Plaintiff's applications were denied, Plaintiff requested an administrative hearing on these applications, and this hearing request was granted. (Tr. 41-70). On November 29, 2017, the SSA held an administrative hearing in Little Rock, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by Hans Pullen. *Id.* Plaintiff and Vocational Expert ("VE") Diane Smith testified at this hearing. *Id.*

On June 12, 2018, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 16-40). The ALJ found Plaintiff met the insured status requirements of the Act through June 30, 2021. (Tr. 21, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2010, her alleged onset date. (Tr. 21, Finding 2). The ALJ found Plaintiff had the following severe impairments: major depressive disorder; obesity; bilateral shoulder arthritis; cervical spine degenerative disc disease; gastritis, gastroesophageal reflux disease ("GERD"); and a history of peptic ulcers. (Tr. 22, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22-25, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 25-32, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally reach overhead bilaterally; can frequently handle, finger, and feel bilaterally; and can occasionally

stoop and crouch. She is limited to work involving simple, routine, and repetitive tasks. She can make simple work-related decisions. She can perform work where interpersonal contact is incidental to the work performed. She requires simple, direct, and concrete supervision.

*Id.*

The ALJ evaluated her Past Relevant Work ("PRW"). (Tr. 32-33, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform her PRW as a housekeeper (light, unskilled). *Id.* Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2010 through the date of her decision or through June 15, 2018. (Tr. 34, Finding 7). Because Plaintiff retained the capacity to perform her PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 1, 2010 (alleged onset date) through June 15, 2018 (ALJ's decision date). (Tr. 34, Finding 7).

Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On October 4, 2018, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On November 2, 2018, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on December 27, 2018. ECF No. 8. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3)

whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12 at 1-21. Specifically, Plaintiff raises three arguments for reversal: (A) the ALJ erred in finding she did not suffer from a combination of impairments that equaled a Listing; (B) the ALJ erred by presenting an incomplete hypothetical to the VE; and (C) the ALJ erred in assessing her credibility. *Id.* The Court will address each of these arguments.

 A. **Impairments in Combination**

Plaintiff claims her impairments meet the requirements of Listings 5.06 (inflammatory bowel disease) and 1.02B2c (major dysfunction of a joint (due to any cause)). ECF No. 12 at 2-17. First, Listing 5.06 requires inflammatory bowel disease "documented by endoscopy, biopsy, appropriate medically acceptable imaging, or operative findings." In the present action, Plaintiff references her medical records, but Plaintiff does not demonstrate *how* she meets the *specific* requirements of Listing 5.06. Plaintiff has the burden of demonstrating her impairments meet the

requirements of Listing 5.06. *See Cox,* 160 F.3d at 1206. Without more, the Court finds Plaintiff has not meet her burden of establishing her impairments meet the requirements of Listing 5.06.

Second, Plaintiff claims her impairments meet the requirements of Listing 1.02. Such a listing is "[c]haracterized by gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability)." Here, Plaintiff has not provided evidence demonstrating she suffers from such a deformity. Accordingly, the Court finds Plaintiff has not meet her burden of establishing her impairments meet the requirements of Listing 1.02.

### B. Hypothetical to the VE

Plaintiff claims the hypothetical to the VE did not include all of her limitations. ECF No. 12 at 17-18. With this argument, Plaintiff claims based upon "all of the above evidence," she has limitations greater than those included by the ALJ in her hypothetical to the VE. Upon review of Plaintiff's case, however, the ALJ included in her hypothetical to the VE *all* of the limitations she found were credible. This was entirely proper. *See Cox v. Astrue,* 495 F.3d 614, 620-21 (8th Cir. 2007) (recognizing that testimony from a vocational expert is substantial evidence "when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies"). Thus, the Court finds no basis for reversal on this issue.

### C. Credibility Assessment

Finally, Plaintiff claims the ALJ erred in assessing her credibility. ECF No. 12 at18-20. Plaintiff claims "the ALJ [improperly] summarized Plaintiff's medical records and discounted her subjective complaints because they were not supported by the objective medical records." *Id.* In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors

from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).

The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322. The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the Court finds the ALJ fully complied with the requirements of *Polaski*. (Tr. 25-32). Notably, while the ALJ did consider Plaintiff's medical records, the ALJ also considered Plaintiff's daily activities, medication, and treatment in her decision to discount Plaintiff's subjective complaints. *Id.* Thus, the Court finds Plaintiff has provided no basis for reversal on this issue.

**4.    Conclusion:**

Based on the foregoing, the undersigned finds no basis for reversing the decision of the ALJ. As such, it is affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 12th day of September 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE